Alom v. Sessions Good morning, Your Honors. May it please the Court, my name is Kagendra Chetri. I am here on behalf of the petitioner. Your Honor, in this case, there are clearly three levels of situations where I would like to briefly address to the Court. The number one is the immigration judge actually decided the hardship waiver, which is a question of law, and also the good faith waiver based on the marriage that was going on from 2003 to 2005, and also there was a waiver based on the fact that there was cruelty by one of the spouses in this case. So basically the immigration judge made a decision based on the factual as well as the good faith marriage in terms of the hardship waiver that was a matter of law. So it was a factual and as well as the legal issues that were decided, and when it went to the BIA, the first time, that time the BIA decided it was clear, clearly the BIA relied on the issue of the clear error review by, you know, subjecting to only the factual part, and they denied the petition, the appeal by the BIA. So that was a clear, the BIA also made an error that it's supposed to decide based on both factual error as well as legal error, which is a hybrid question of law that this Court has never experienced to directly address on that issue, and I would like this Court to make a decision on that issue so that there are case laws that support that. The Court in the case of Upacha, which is a Fourth Circuit decision, exactly same, similar circumstances and the facts. In that case, the Court decided that the review, standard of review should be both. It should be the factual as well as the legal question, which the BIA had actually not done it. Therefore, there was a mistake. It should have been de novo hearing. It should have been remanded back to the IJ to make a decision. So if you look at the whole scenario in this case, the petitioner has proven that he has a good faith marriage. Actually, there was only one reference that the immigration judge relied that RC was denied because the divorce degree, which was obtained by default because the petitioner did not have a chance to contest that, and that was the only evidence as opposed to the petitioner's evidence, his own testimony, two witness testimony and other documents that were not considered. So now, again, after this— So if we agree with you and this were remanded because, say, consistent with your argument, the BIA employed the wrong standard, is there anything else you would present? I mean, based on this evidence, the BIA could say using de novo review, you still lose. You agree with that? Your Honor, if the BIA were to issue a de novo hearing on this matter, clearly that has to go back to the immigration judge to make further findings on this case on the matter of facts as well as law. So therefore, there will be different results. And on the second part of the motion to— You're saying that the BIA necessarily would have to remand it back to the immigration judge. Yeah, this court has held many times, Your Honor, that the BIA is not supposed to make factual determination. They were supposed to have only the—review only the legal standards. And also, if there are mixed questions of facts and— I thought what you're asking, but maybe I've misunderstood, was for us to remand it back to the BIA to employ the correct legal standard. And in your view, the correct legal standard was de novo with respect to whether the facts that were found by the IJ amounted to or constituted a good faith or not a good faith marriage. Your Honor, not only the facts. The BIA would have to, if you were to remand this case, the BIA would have to look into the legal question as well. Because the question of hardship is a legal question. It's not a factual question. Right, but following up on Judge Loyer's question, and tell me where I am misunderstanding you, we send it back to the BIA and we tell the BIA, you need to look at the facts as found by the immigration judge. You cannot alter those fact findings unless they were clearly erroneous as made by the immigration judge. When you have that set of facts, you then review de novo whether that set of facts constitutes a sham marriage or a legitimate marriage as a matter of law. Is that correct? Your Honor, I would like to respectfully submit that there is a clear error on the facts in the BIA that reviews. That doesn't review, only the question of law. So when you have a mixed situation where we have in this case, where there is a question of facts as well as question of law, because there are three different levels of waivers this petitioner was requesting. So there are the facts as well as legal questions. The immigration judge made a legal decision on that hardship waiver and also made a good faith waiver side, he made a factual decision. So this court has not really addressed this issue in the past, although there are some cases peripherally the court has addressed this issue. And what BIA is doing is all the time, Your Honor, consistently that all the BIA appeals are denied because of factual errors in review. That they are never going into, they are denying just left and right. So this is not proper because they have not really gone in to look into why this legal aspect is not actually looked into it. So I think this is the chance for this court to look at this carefully, Your Honor. I would request that the petitioners, if the second time the petitioner filed a motion to reopen, that was denied by the BIA, that is reviewable. This is a discretionary denial. That is reviewable by this court. And that has a lot of documents there. The petitioner explained to the BIA that, look, these documents were not available before. He found them later on and then we've submitted it within the time frame. Still it was denied and that has been also consolidated here at the second part of the petition for review. So what I'm saying, Your Honor, is that BIA has not only erred on the part of the review standard, it also has abused its discretion by not granting the motion to reopen. But, yeah, the denial of the, sorry, abuse of discretion is only with respect to the latter issue. Yes, yes. Okay, all right. This has to do with the other matter, the consolidated matter before. Yes, Your Honor. Okay. Got it. So, therefore, if the BIA was to look into it, I think eventually this will have to be sent back to the immigration judge to make a further finding on that issue because BIA does not do the both findings of facts and the conclusion of law at the same time. So this judge has clearly erred in the first level and as well as the BIA always confirmed that. And that was under the appropriate review. But on the lead case, 172627, that's before us as well, your argument is that the BIA employed the wrong legal standard. Yes. Thank you. And you have reserved some time for rebuttal, Mr. Fitzgerald. Yes, Your Honor. Thank you. Yes. Mr. Zaidi, good morning. Good morning, Your Honors. Good morning, Your Honors, and may it please the Court. Imran Zaidi for the Attorney General. This case involves a limited procedural challenge to the Board's standard of review when reviewing an immigration judge's good faith marriage determination. That's the question presented in the first petition in this consolidated appeal. That's docket number 17-2627. And what I plan to focus on today is subject, of course, to this panel's questions. Now, just to clarify, my opposing counsel has mentioned a few different types of waiver requests. The only waiver request that is before this Court is the good faith waiver. If you look at 1186A-C-4, there are four different types of waiver. It was clear from the record that some previous waivers had been sought, a hardship waiver under 1186A-C-4A and a, I believe, a hardship, excuse me, a spousal abuse waiver under 1186A-C-4D. We're only talking about the good faith waiver. We're only talking about it. The other ones were not even presented to the agency. They were never even involved in removal proceedings, let alone decided. No one circuit's decision comes into play. Yes, Your Honor. And that gets back to the question of the first petition in this consolidated appeal. So petitioner's challenge on that question is essentially that this Court should follow the Fourth Circuit's ruling in Apache, which held that this question, whether the ultimate question of whether a petitioner's weight of evidence meets the good faith marriage standard, is a question of law to be reviewed de novo by the Board. Now, this is plainly wrong, and we think this Court should not follow it for three basic reasons. First, the government is saying, please create a circuit split. Your Honor, I think it would be a very minor one, and the Fourth Circuit, to be clear. There are no minor circuit splits, Mr. Snedek. In this case, Your Honor, Judge Loya, I think if you hear me out, and I understand your point, but let me start by putting in context the Apache ruling. People will climb to convince me that there's such a thing as a minimum. Well, let me start that climb, because no other court, no other court has joined the Fourth Circuit in ruling that an immigration judge's good faith marriage determination is to be reviewed de novo by the Board. No other court besides the Fourth Circuit really weighed in on this issue. So no other court has ruled in, in the specific context of ruling on the Board standard of review, and neither has this Court. But many courts, including this Court, have reviewed whether this Court or other courts have jurisdiction to review those final agency determinations, notwithstanding the jurisdictional bar for discretionary determinations. But that is all, as I understand it, in the context of cases where the challenge related to evidentiary matters, not to that ultimate conclusion, is before us. Well, that's not true, respectfully, Your Honor, but that is the ultimate question, right? Is that if you look, and starting with this Court's precedent, going back to Contreras-Salinas, this 2009 decision, which first addressed whether or not the Court has jurisdiction to review those good faith marriage determinations. This Court, since that decision, has consistently interpreted challenges to those good faith marriage determinations, both, Judge Loyer, to the underlying factual findings. And so I'm reading the Contreras-Salinas case, and we said there, because we conclude the petitioner's claims challenge only credibility determinations and the weight given to evidence by the IJMBIA, we lack jurisdiction. So the challenge there was very focused on, and that's, just to help you out, that is, well, I can't tell you what the page is. But that's what we said, and we were very focused there, not on that ultimate conclusion of whether the testimony and the weight given to the evidence amounted to good faith, but only on whether the credibility determinations were clearly erroneous. Correct. Now, the point that we're making, Your Honor, is that this Court has interpreted challenges. Some of those challenges have been to the evidentiary weight. And that's clear. There's no jurisdiction to review those. But this Court has, in Contreras-Salinas itself, and I'll give you the pin site right now. This is at 714 of Contreras-Salinas. This Court also talked about the immigration judge's consideration of the evidence in its entirety in reaching his conclusions. And in Chowdhury, which we also cited on page 21 of our brief, they talk about a petitioner's ability to carry his ultimate burden of meeting the good faith marriage standard. So I take your point, Judge Loy, that these are about how this Court has construed those challenges. But that's my entire point, is that in the way that this Court has construed those challenges, it has even construed the ultimate challenge to the burden, to whether evidence met the burden, as a factual question, and thus not one that this Court can review. In Chowdhury, we said third, the BIA expressly acknowledged that it reviewed the IJ's burden finding de novo. Sorry. This Court did. Or that the board did. I'll read it to you again. Third, the BIA expressly acknowledged that it reviewed the IJ's burden finding de novo. So that issue was not before us. The issue that's currently before us was off the table in Chowdhury, and I think I was on the panel on that one. Right, Your Honor. Again, so in that case, they actually did mention how the board reviewed the evidence. The board does not— Assume for a second, Mr. Cady. Just assume. Go with me on this one. That we have never really said anything about the issue, the current precise issue before us today in the lead case. So where does that leave us? That leaves, Your Honor, with how do you interpret, how do you choose how to review what's a mixed question of law? Basically, just the application of a legal standard to fact. And I think we would point you to the Supreme Court's recent decision in U.S. Bank, which said very clearly that just the presence of a mixed question of law, just the presence of applying a legal standard to facts does not make something a legal question. The inquiry still turns on what is the nature of that question. So, for instance, if that inquiry turns on how the law might be shaped and applied in the future or develops auxiliary legal principles to be applied to cases down the road, well, then that's a legal question subject to de novo review. If, on the other hand, the inquiry is heavily case-specific and fact-specific and especially involves questions of evidentiary weight and credibility, well, then it's a factual question subject to clear error review. And that's exactly what we have here. The examination here turned only on the specifics of petitioner's financial situation with his now ex-wife, with his living arrangement with her, with evidence pre- and post-marriage, and ultimately the question of what his intentions and credibility were in entering that relationship. And that's a point, Your Honors, that I cannot overstate, that this question of whether there is a good-faith marriage is ultimately itself a credibility determination. There's no room between the factual determination and the legal determination. That's exactly my point, Judge Rustani, is that that ultimate question is a credibility determination. You are asking whether somebody can be believed in saying that they entered a marriage for the purpose of the relationship and not for some other purpose. Thus, we are without jurisdiction. Pardon me? Thus, we are without jurisdiction. No, you are with jurisdiction to consider the question of whether the board applied the appropriate standard of review. We are just saying that here the board did and that review standard was clear error. In those other line of cases, you can continue to construe them all as factual challenges that do lack jurisdiction review. In answer to Judge Rustani's question, when you say that there's really no room, so you are saying that it is impossible for someone subjectively to enter into a marriage in order to, among other things, gain American citizenship eventually and have that marriage be deemed a good-faith marriage. That it is impossible to enter with what particular intent? Sure, subjective intent. If I say, huh, I want to marry this person in part because they will help me get American citizenship, that negates a determination that that marriage is a good-faith marriage. No, Your Honor. Am I wrong about that? No, yes. Yes, you are wrong about that. It may very well be that somebody had that intention as well as an intention to also marry that person for the sake of good faith, for the sake of the relationship. That would just come to how the immigration judge actually viewed the evidence. So if there was a case where an immigration judge looked at an intent, perhaps it had been expressed. I doubt this would happen. But a petitioner said, well, yeah, I was hoping I would rely on that marriage down the road to naturalize or to somehow seek status. Then the immigration judge could weigh that evidence and see how it affected ultimately whether or not they entered the marriage in good faith. But I don't think the very presence of that intent would mean that they had entered the marriage in bad faith. What is a legitimate marriage? Is there a specific definition? Not in the statute, no. So the statute doesn't speak to the definition. The regulations don't speak to the definition. But they provide evidence that DHS can look at, which involves birth certificates, evidence of commingled finances, evidence of cohabitation, and then ultimately a sort of residual, any other evidence that the DHS secretary determines is appropriate. IA is in an institutionally better position, or frankly, I quote of appeals, to make that ultimate determination than an IJ. For institutional reasons, to make sure, for example, that you retain some level of consistency. Well, Your Honor, I think, again, it goes back to the question of what the actual nature of the good faith marriage determination is. Right. I think if that determination had more to do with legal principles and the actual standard itself was shaped by the law and was a matter of law to be applied to future cases, then perhaps the BIA and uniformity could compel applying to noble review. You could have a series of contradictory findings from different IJs, or actually, you could have the same findings from different IJs and have different IJs arrive at different conclusions about whether those constitute a good faith marriage. Right? Yes, you could. And, you know, uniformity is an important... For the very same reason, Your Honor, that the BIA is not institutionally in a better position to rule on the immigration judge's ruling on credibility findings, even though those might also sometimes be inconsistent. Those are about the province of the fact finder. No, no, no, but how you aggregate those facts and how you analyze the facts that you find to come to a particular conclusion relating to the legitimacy of a marriage is – that's a different exercise. Well, no, Your Honor. That is the point I'm making in my answer to Judge Rustani is that that aggregation as one side and then the application as the other, those are not separate questions in the good faith marriage determination context. Those are very much the same. And I direct this panel to the Fifth Circuit brief we cited for what would happen if you accepted Apache's approach and my opposing counsel's approach here if you were to apply de novo review to the ultimate question after applying clear error review to the underlying factual findings. In that case, the immigration judge had found a petitioner had entered his marriage in good faith. The board on review applied clear error review to the underlying factual findings, did not disagree with any of them. But then ultimately said, but we don't feel that this meets the good faith marriage standard. As you're saying, Judge Loy, as a separate question. The Fifth Circuit reversed that determination saying that that involved an improper reweighing of evidence by the board without affording clear error, without affording deference to the fact finder. So that is inviting the board to engage in improper fact finding. Is there not a BIA published decision that – There's not. There's not, Your Honor. I think – sorry. You can finish your question, Your Honor. My apologies. You know what my question is going to be. I can guess. Addressing the standard review for the board in good faith marriage determinations. Yeah, practically speaking, the board will say clear error review for factual questions, de novo review for legal questions, and then proceed with its decision. Where the board has spoken specifically to the standard review for the ultimate determination, the board has said, from what I can find, clear error in every circumstance except for one. And even that, that's actually an unpublished board decision, Che, cited by the Fourth Circuit in Apache. And even there, it was a board member who has, in other decisions, actually applied clear error review. So – which I don't think is wrong. I think one of the central takeaways from the U.S. Bank's decision is that it's not a one-size-fits-all approach. If it depends necessarily on the nature of the inquiry, then in some situations the inquiry will compel clear error review. And in other situations, it will necessarily entail de novo review. And this court has already reached that conclusion itself in Bollock v. Holder. Again, the different context of whether there's judicial review. But this court has found that it is a legal question in one circumstance, and that was where whether certain types of evidence could be considered in assessing good faith in a marriage. And that was whether evidence during the course of the marriage could be considered because the ultimate inquiry is whether you entered the marriage in good faith. This court said, yes, you can consider marriage entered in – evidence of conduct during the marriage, and that evidence can be considered. And it's a legal question whether that evidence can be considered. If there are no further questions, Your Honor, we ask that this consolidated appeal be denied. Thank you. Thank you. Thank you, Mr. Zaidi. Your Honor, the government counsel actually mentioned that there was only one issue, which is a good faith marriage. I think there are hard issues. If you were to look at the decision of the immigration judge, he has considered all these under 8 U.S.C. 1686A, and also INA section 212C4ABC. So that is very clear here. So I think I just wanted to make the record straight here. There are hardship issues. There are good faith marriages. There are three different levels of standards that were reviewed by the IJ. So that's number one. Number two is that the counsel has presented that there is a court case that is decided by Supreme Court U.S. Bank, and that is clearly based on the different facts patterns that was related to some partnership business relations that was actually defined by the court, whether there is a factual issue or as well as the question of law. So that really doesn't involve in this kind of scenario where we have a situation of the marriage and whether or not the marriage is in good faith, and that is really a separate issue. And also the counsel has graciously agreed that the OPACA decision was correct. But I appreciate that. I think this court also may take a reference to that case. And I think the reference to the case of Salinas, actually that is not the court already questioned that. It is not based on the question of law. It was based on the factual errors. So therefore, I submit that the petition for review be reviewed, and then maybe this case court can issue a decision remanding this case back to the BIA. And thank you very much. Thank you. Excuse me. Thank you both. Helpful arguments, at least speaking for myself certainly. So we'll reserve decision in this matter and get back to you in due course. Thank you.